**MANDATORY FORM PLAN (10/01/2010) Revised 4/1/2012**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | : | Case No. 14-58229 |
| | : | Chapter 13 |
| Jeremy S. Straley and | : | SSN: XXX-XX-6404 |
| Sarah L. Straley, | : | SSN: XXX-XX-5518 |
| | : | |
| Debtors. | : | Judge Preston |

# SECOND AMENDED CHAPTER 13 PLAN

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "LBR"shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

| _X_  Amended Plan | | |
|---|---|---|
| All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface. | | |
| _X_  Above Median Income<br>___  Below Median Income | insolvent unless otherwise marked below:<br><br>___Solvent Estate | Dividend to unsecured creditors: ***11.80%*** |
| Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:<br><br>___ Debtor is not eligible for discharge under § 1328(f)<br><br>___ Joint Debtor is not eligible for discharge under § 1328(f) | | |
| Debtor<br>    (1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code **on November 25, 2014**<br><br>    **OR**<br><br>    (2) converted this case to a case under Chapter 13 on _____ ("Petition Date"). | | |

**A.    PAYMENTS**

   **A(1).    Plan Payments.**

   The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of **$1,400.00** per month for one (1) month, **$1,508.00** per month for twenty-nine (29) months and **$1,678.00** per month **thereafter**(enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

   From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding

changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

### A(2). Pre-Confirmation Adequate Protection Payments/Lease Payments.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| **Fifth Third Bank** | **2013 Chevrolet Silverado 3500** | **$158.84** |
| **Wright Patterson Credit Union** | **2007 GMC Envoy** | **$29.04** |

### A(3). Administrative Expenses, Attorney Fees, and Priority Payments.

Administrative expenses, itemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the sum set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee LBR 2016-1(b)(2)(B) is **$3,500.00**.

Debtor's attorney received **$190.00** prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of **$1,141.00 per month** to Debtor's attorney until the balance of **$3,310.00** is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

## B.   CLASS 1—CLAIMS SECURED BY REAL PROPERTY

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

### B(1). Mortgage Payments Outside Plan.

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

**B(2).    Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

(a)    Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, a forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

(b)    Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court.

(c)    Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges are rather default-related fees and services.

(d)    File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occurred during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
|  |  |  |

**B(3).    Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
|  |  |

**B(4).    Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of §506 as set forth by Debtor below.

3

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**B(4).** **Real Property to be Surrendered.**

(a) Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Address |
|---|---|
|  |  |

(b) The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under §1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c) Upon confirmation of the Plan, the automatic stay of §362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**C.    CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1).** **Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of **4.00%**.

**C(2).** **To Be Paid in Full (ie., § 506 Does Not Apply).**

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|

4

| Fifth Third Bank | 2013 Chevrolet Silverado 3500 | 4/13 | $49,000.00 | 3.89% | $158.84 per month for five (5) months and $964.03 per month thereafter until paid in full |
| Wright Patterson Credit Union | 2007 GMC Envoy | 12/13 | $8,200.00 | 4.25% | $29.04 per month for five (5) months and $179.40 per month thereafter until paid in full |

**C(3).** **Claims to Which § 506 Applies.**

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below.

| Creditor | Property Description | Purchase Date | Scheduled Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**C(4).** **Personal Property to be Surrendered.**

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
| Park National Bank | 2014 Lacrosse Travel Trailer |

**C(5).** **Executory Contracts and Vehicle Leases.**

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

5

| Creditor | Property Description |
|---|---|
| Honda Financial Services | 2012 Honda Civic |
| Honda Financial Services | 2012 Honda Accord |

      (b)    Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below. The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**D.    CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

    **D(1).    Priority Claims.**

Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

    **D(2).    Domestic Support Obligations.**

      (a)    Domestic support obligations (DSOs) are defined in §101(14)(A). Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of State CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, To be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

      (b)    Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

6

E.   **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

   **E(1).   Payment of Class 4 Claims.**

Class 4 claims including itemized post-confirmation attorney's fees per LBR 2016-1 (c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

**NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was entered into after October 22, 1994.

   **E(2).   Pre-Petition Arrearages on Real Estate Mortgage(s).**

The Trustee shall distribute payments to the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

   **E(3).   Arrearages on Assumed Leases and Executory Contracts.**

The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F.   **CLASS 5—GENERAL UNSECURED CLAIMS**

   **F(1).   Unsecured Dividend.**

After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page 1 of the Plan.

Notwithstanding the expiration the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to insure that plan length meets the "applicable commitment period" provided by §1325 (b) by filing a motion with the Court.

   **F(2).   Solvency.**

If this is a solvent estate, all general unsecured claims shall be paid in full with interest at _____%, unless otherwise provided.

G.   **MISCELLANEOUS PROVISIONS**

   **G(1).   Co-Debtor Claims** not Otherwise Provided for in the Plan.

   (a)   The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if applicable |
|---|---|---|
|  |  |  |

(b) The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

**G(2). Sale of Property.**

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval upon notice as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

**NOTE**: The sale of any property shall comply with LBR 6004-1(c)–(f).

**G(3). Tax Returns.**

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

**G(4). Vesting.**

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c);

☐ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

**G(5). Other Events.**

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

**G(6).    Insurance Information.**

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 2013 Chevrolet Silverado 3500 | Nationwide Insurance | | Full | |
| 2007 GMC Envoy | Nationwide Insurance | | Full | |

**G(7).    Casualty Loss Insurance Proceeds (Substitution of Collateral).**

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle. If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim. Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

**G(8).    Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

**H.    SPECIAL PROVISIONS**

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| **Special Provisions**: |
|---|
| **1.***Debtors shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on page one of the plan.* |
| *2.* |
| 3. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as

authorized by order of the Court.

Case Attorney:

*/s/ Robert E. Bardwell, Jr.*
**Robert E. Bardwell, Jr. (0040701**
**887 South High Street**
**Columbus, Ohio 43206**
**(614)907-3665; (614) 388-5911**
**Attorney for Debtors,**
**Jeremy S. Straley and Sarah L. Straley**

Dated: **January 7, 2015**

Debtors

*/s/ Jeremy S. Straley*
**Jeremy S. Straley**

*/s/ Sarah L. Straley*
**Sarah L. Straley**

Dated: **January 7, 2015**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing plan was served upon those persons listed on the following Service List by ordinary U.S. mail, postage prepaid, or by electronic mail, this 7th day of January, 2015.

**PLEASE TAKE NOTICE** that the Debtors have filed the foregoing plan. Any responsive memorandum must be filed within twenty one (21) days of the date of service set forth above unless otherwise provided by the Court, and the failure to file a response and accompanying memorandum on a timely basis may cause the plan to be confirmed without further notice or hearing.

                                                                   */s/ Robert E. Bardwell, Jr.*
                                                                   Robert E. Bardwell, Jr.

## SERVICE LIST

Office of the US Trustee
*(via electronic mail)*

Frank M. Pees
*(via electronic mail)*

Ohio Bureau of Workers' Compensation
PO Box 89492
Cleveland, OH 44101-6492

Ohio Department of Taxation
P.O. Box 182402
Columbus, OH 43218-2402

**SEE ATTACHED LIST**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:14-bk-58229<br>Southern District of Ohio<br>Columbus<br>Sun Dec 28 12:12:10 EST 2014 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 |
| Babies R Us<br>PO Box 530938<br>Atlanta, GA 30353-0938 | Barclays Card Services<br>PO Box 13337<br>Philadelphia, PA 19101-3337 | Capital One Bank<br>P.O. Box 6492<br>Carol Stream, IL 60197-6492 |
| Capital One Retail Services<br>P.O. Box 7680<br>Carol Stream, IL 60116-7680 | Care Credit<br>P.O. Box 960061<br>Orlando, FL 32896-0061 | Chase Bank<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 |
| (p)DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | (p)FIFTH THIRD BANK<br>MD# ROPS05 BANKRUPTCY DEPT<br>1850 EAST PARIS SE<br>GRAND RAPIDS MI 49546-6253 | Fifth Third Bank<br>PO Box 9013<br>Addison, Texas 75001-9013 |
| GM Card<br>Department 9600<br>Carol Stream, IL 60128-9600 | HH Gregg/Synchrony Bank<br>PO Box 960061<br>Orlando, FL 32896-0061 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| Kittles Furniture<br>PO Box 960061<br>Orlando, FL 32896-0061 | Kohl's<br>P.O. Box 2983<br>Milwaukee, WI 53201-2983 | Lowes<br>P.O. Box 530914<br>Atlanta, GA 30353-0914 |
| Macys<br>PO Box 183083<br>Columbus, OH 43218-3083 | Ohio Bureau of Workers' Compensation<br>PO Box 89492<br>Cleveland, OH 44101-6492 | Ohio Health<br>5350 Frantz Rd<br>Dublin, OH 43016-4259 |
| Park National Bank<br>PO Box 3500<br>Newark, OH 43058-3500 | Richwood Bank<br>28 N. Franklin St.<br>Richwood, OH 43344-1027 | Sam's Club<br>P.O. Box 530942<br>Atlanta, GA 30353-0942 |
| Sears Card<br>PO Box 183081<br>Columbus, OH 43218-3081 | Synchrony Bank<br>PO Box 960061<br>Orlando, FL 32896-0061 | The Park National Bank<br>PO Box 3500<br>Newark, Ohio 43058-3500 |
| (p)WRIGHT PATT CREDIT UNION<br>3560 PENTAGON BLVD<br>BEAVERCREEK OH 45431-1706 | Frank M Pees<br>130 East Wilson Bridge Road<br>Suite 200<br>Worthington, OH 43085-2391 | Jeremy S. Straley<br>6860 State Route 38 NW<br>London, OH 43140-9535 |

Robert E Bardwell
887 South High Street
Columbus, OH 43206-2523

Sarah L. Straley
6860 State Route 38 NW
London, OH 43140-9535

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Dell Financial Services
Payment Processing Center
P.O. Box 6403
Carol Stream, IL 60197-6403

Fifth Third Bank
PO Box 630778
Cincinnati, OH 45263-0778

Home Depot Credit Services
P.O. Box 182676
Columbus, OH 43218

(d)Honda Financial Services
PO Box 60001
City of Industry, CA 91716-0001

Wright Patterson Credit Union
2455 Executive Park Boulevard
Fairborn, OH 45324-6219

(d)Wright-Patt Credit Union, INC
3560 Pentagon Blvd
Beavercreek, OH 45431

End of Label Matrix
Mailable recipients    31
Bypassed recipients     0
Total                  31